**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **MIKEAL GLENN STINE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-06-21** |
| | § | **CRIMINAL ACTION V-03-44-2** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Petitioner Mikeal Glenn Stine's Motions to Recuse.  Dkt. Nos.

143, 147.[1]  After considering the motions, record, and relevant law, the Court finds that Petitioner's

motions should be DENIED.

**Background**

Petitioner was convicted by a jury of conspiracy to commit bank robbery and aiding and

abetting bank robbery.  *See* Dkt. No. 104 at 1.  Petitioner was sentenced to 262 months in prison.

*Id.* at 2.  Judgment was entered on April 30, 2004.  *See id.*  He appealed to the Fifth Circuit, which

affirmed his conviction.  *United States v. Stine*, No. 04-40561 (5th Cir. May 24, 2005); *see* Dkt. No.

120.  The Supreme Court denied the petition for a writ of certiorari on October 31, 2005.  Petitioner

filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on February

28, 2006.  Petitioner's first motion to recuse was filed on April 3, 2006.

**Claims**

Petitioner filed an affidavit with his first motion describing the grounds on which he believes

---

[1] Citations in this Order refer to Criminal Action V-03-44-2.

the undersigned judge (hereinafter, "the undersigned") should recuse himself. *See* Dkt. No. 143 at 2. Petitioner claims that he "personally observed" a conversation between the undersigned and Tim Hammer, the attorney for the government, outside the courthouse during which the undersigned stated, "he will learn how we do things around here. Not how the federal courts do things." *Id.*

Petitioner also states in his affidavit that the undersigned and Mr. Hammer are "the best of friends in and out of court." *Id.*

Petitioner further states in his affidavit that because the undersigned presided over Petitioner's trial, there is a conflict because the situation "would result in him having to say he made a mistake . . . ." *Id.*

Finally, Petitioner states that the undersigned has held Petitioner's motion to return seized property since January 17, 2006. *Id.*

In Petitioner's second motion to recuse, he states that his attorney on appeal told him that the U.S. Marshal had informed the undersigned that Petitioner was attempting to have the undersigned killed. Dkt. No. 147 at 2.

### Standard

The Court will construe Petitioner's motions as motions to recuse under 28 U.S.C. § 144. This statute governs motions to recuse in the federal courts and states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be

accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The motion must be timely. The second paragraph of the statute states that the motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," 28 U.S.C. § 144, but formal terms have long since been abolished. The requirement for timeliness that has emerged is simply that a movant must file the motion to recuse within a reasonable time after learning the facts on which he bases the motion. *United States v. Olis*, 571 F. Supp. 2d 777, 781 (S.D. Tex. 2008).

A judge who has been asked to recuse may decide the legal sufficiency of the affidavit, but may not determine the truth of the facts asserted. *E.g. United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). Thus, if the affidavit is insufficient or untimely, another judge need not be assigned to hear the case.

The grounds for recusal must be personal, extrajudicial bias, not bias based on information learned during a case. *Id.*

### Analysis

The first question is whether Petitioner has abided by the terms of the statute, since "strict and full compliance with its provisions" is necessary. *Henry v. Speer*, 201 F. 869, 872 (5th Cir. 1913). It appears that petitioner has not done so in at least one respect. The statute states that the affidavit filed with the motion must "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Petitioner appears *pro se* and thus has no counsel, so a certificate has not been filed.

The Fifth Circuit has intimated, without expressly so stating, that even a *pro se* litigant must

3

file such a certificate, signed by himself, indicating that his motion and affidavit are filed in good faith. *See Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, 270 Fed. Appx. 314, 316 (5th Cir. 2008) ("Parker failed to accompany his motion asserting bias with a 'timely and sufficient affidavit' and a 'certificate of counsel of record stating that it is made in good faith,' even if signed by himself pro se, as required by § 144."). Other courts have joined in requiring even *pro se* litigants to file this certificate. *See United States v. Collins*, 203 Fed. Appx. 712, 714 (7th Cir. 2006); *Everson v. Liberty Mut. Assurance Co.*, Civ. No. 1:05-2459, 2008 WL 1766956 (N.D. Ga. Apr. 14, 2008); *Apel v. Davis*, Civ. No. 3:07-475, 2007 WL 4531521 (N.D. Fla. Dec. 14, 2007); *United States v. Goldston*, Civ. No. 06-2153, 2007 WL 3090775 (D. Colo. Oct. 19, 2007); *United States v. Pungitore*, Civ. No. 97-2972, 2003 WL 22657087 (E.D. Pa. Oct. 24, 2003); *Heimbecker v. 555 Assocs.*, Civ. No. 01-6140, 2003 WL 21652182 (E.D. Pa. Mar. 26, 2003); *Vassilos v. Petersen*, Civ. No. 92-6456, 1992 WL 345044 (N.D. Ill. Nov. 12, 1992); *United States v. Jones*, Crim. No. 89-61E, 1989 WL 58544 (W.D.N.Y. June 2, 1989); *Kersh v. Borden Chemical*, 689 F. Supp. 1457 (E.D. Mich. 1988). *But see In re: Request for Recusal of District Judge*, Misc. No. 3-94-30, 1994 WL 1631038 (S.D. Ohio Oct. 12, 1994) ("Of course here the Plaintiff is proceeding pro se, so no counsel's certificate is required."); *Trinsey v. K. Hovanian at Upper Merion, Inc.*, Civ. No. 93-1695, 1993 WL 313510 (E.D. Pa. July 28, 1993).

Some courts have stated that *pro se* litigants simply cannot invoke section 144 at all:

[A]lthough standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section 144 strikes a balance by providing both powerful and nearly automatic procedures for disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse. . . . [T]he requirement in Section 144 assumes that a member of the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. That assumption may be based on both a confident faith in the integrity of the bar and

4

perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused.  If a pro se litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost.

*Robinson v. Gregory*, 929 F. Supp. 334, 338 (S.D. Ind. 1996); *see also Verrette v. Charlotte Randolph-LaFourche Parish President*, Civ. No. 08-1200, 2008 WL 3498540 (E.D. La. Aug. 11, 2008); *Mills v. City of New Orleans*, Civ. No. 02-2519, 2002 WL 31478223 (E.D. La. Nov. 4, 2002).

The Seventh Circuit has taken a third position: a judge should appoint counsel "for the limited purpose of enabling [the party] to determine whether to file the certificate." *United States v. Boyd*, 208 F.3d 638, 645 (7th Cir. 2000), *vacated on other grounds*, *Boyd v. United States*, 531 U.S. 1135 (2001).  This solution could be quite costly and time-consuming.  Further, the Seventh Circuit later, in an unpublished opinion, without citation to *Boyd*, implied that a certificate was in fact necessary.  *See United States v. Collins*, 203 Fed. Appx. at 714 ("[Section] 144 requires that a party submit, at least ten days before the commencement of proceedings, an affidavit including 'the facts and the reasons for the belief that bias or prejudice exists' and a 'certificate of counsel of record stating that it is made in good faith.'  Collins submitted his motion on the first day of trial and without an affidavit or certificate of counsel.  Collins' motion was untimely and failed to meet the statutory requirements . . . .").

Yet other courts have held that because Rule 11 requires pro se litigants to file papers only in good faith, the requirement of a certificate is met even without an actual certificate being signed.  *See Wambach v. Hinkle*, Civ. No. 1:07-714, 2007 WL 2915072, at *2 (E.D. Va. Oct. 4, 2007); *Kidd v. Greyhound Lines, Inc.*, Civ. No. 3:04-277, 2004 WL 3756420 (E.D. Va. Sept. 23, 2004).  The Court believes that this argument proves too much.  Rule 11 applies not just to *pro se* parties but to counsel as well.  If Rule 11 can strip away the certificate requirement for *pro se* parties, then it

5

should do so for represented parties as well.  This, of course, would read the certificate requirement out of the statute.

One final position on this issue is that *any* member of the bar of the court can sign the certificate.  *See Williams-Murray v. Anthropologie, Inc.*, Civ. No. 05-5749, 2007 WL 781913 (E.D. Pa. Mar. 13, 2007); *United States v. Rankin*, 1 F. Supp. 2d 445 (E.D. Pa. 1998); *Thompson v. Mattleman, Greenberg, Schmerelson, Weinroth & Miller*, Civ. No. 93-2290, 1995 WL 318793 (E.D. Pa. May 25, 1995).  This position is also untenable in light of the text of the statute: the affidavit "shall be accompanied by a certificate of counsel *of record* . . . ."  Permitting any attorney to sign the certificate ignores the "of record" language.  *Cf. United States v. Boyd*, Crim. No. 89-908, 1995 WL 656691 (N.D. Ill. Nov. 6, 1995).

Of these five positions, both the weight of authority, including reasonable inference from a Fifth Circuit statement, and the most logical reasoning are on the side of holding that a *pro se* litigant must sign a certificate when making a section 144 motion.  Because Petitioner did not do so here, his motion should be denied.

Even if Petitioner had signed a certificate, or if such a certificate is not required, the motion would be denied.  Petitioner's first claim, while stated with particularity, is not timely.  If the claimed conversation between the undersigned and Mr. Hammer actually took place, it would have taken place around the time of Petitioner's trial.  Thus Petitioner should have asked his attorney to move for recusal during the trial.  At latest, Petitioner should have brought up this bias issue on direct appeal.  Petitioner has shown no cause for his delay in this matter.

Petitioner's second ground is also untimely raised.  He claims that his attorney on direct appeal informed him that the undersigned and Mr. Hammer are close friends outside of court.  Were

6

this true, Petitioner should have asked his attorney to raise the issue on his direct appeal.  Petitioner has, as with the first ground, shown no cause for his failure to do so.

Petitioner's third ground is legally insufficient to require recusal.  The statute under which Petitioner has filed his motion, 28 U.S.C. § 2255, explicitly states that the petition shall be brought in "the court which imposed the sentence."  28 U.S.C. § 2255(a).  It is thus the design of Congress that judges who have tried the cases also be the ones who hear the motions to vacate.

Petitioner's fourth ground is also insufficient.  The pending motions for return of property bear not at all on the propriety of the undersigned hearing Petitioner's section 2255 motion.

Petitioner's fifth ground fails because Petitioner did not comply with the strict requirements of section 144.  That section states in its second paragraph that "[a] party may file only one . . . affidavit in any case."  28 U.S.C. § 144.  Petitioner's affidavit was submitted with his first motion on March 26, 2006.  Material submitted after that is not properly before the Court on this motion to recuse.

Furthermore, even if the Court were to consider Petitioner's fifth ground, relief would be denied.  Supposing it were true that a U.S. Marshal had informed the undersigned that Petitioner was attempting to murder him, this does not provide grounds for recusal.  Petitioner claims only that the undersigned was informed of this, not that the undersigned responded in any way that shows actual bias.

Thus, none of Petitioner's alleged grounds require the undersigned to recuse himself under section 144.  Further, 28 U.S.C. § 455 does not require recusal.  That statute reads, in part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In contrast to

section 144, section 455 "is self-enforcing on the part of the judge." *Davis v. Bd. of Sch. Comm'ns*, 517 F.2d 1044, 1051 (5th Cir. 1975).  However, the standard for determining whether one should recuse is the same under both statutes.  *Id.* at 1052.  Taking all the facts into account, there do not exist reasonable grounds for belief that the undersigned is biased against Petitioner.

## Conclusion

For the foregoing reasons, Petitioner's motions to recuse are DENIED.

It is so ORDERED.

Signed this 7th day of November, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE