IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **MIKEAL GLENN STINE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-21 |
| | § | CRIMINAL ACTION V-03-44-2 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Mikeal Glenn Stine's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Dkt. No. 135.[1] The United States responded and moved to deny relief on the record. Dkt. No. 159. After considering the motions, record, and relevant law, the Court is of the opinion that Petitioner's petition should be DENIED.

**Background**

Petitioner was convicted after a jury trial of conspiracy to commit bank robbery and aiding and abetting bank robbery. *See* Dkt. No. 104 at 1. He was sentenced to a total of 262 months in prison, three years of supervised release, and ordered to pay $14,959 in restitution and a $200 special assessment. *Id.* at 2, 3, 5. Petitioner appealed his sentence to the Fifth Circuit. That court affirmed the judgment on January 12, 2005. *United States v. Stine*, 122 Fed. Appx. 103 (5th Cir. 2005). The Fifth Circuit later withdrew its opinion and reconsidered Petitioner's appeal in light of *United States v. Booker*, 543 U.S. 220 (2005). The court reinstated the entirety of the earlier opinion and added two paragraphs rejecting Petitioner's *Booker* challenge. *United States v. Stine*, No. 04-

---

[1] The citations in this Order refer to Criminal Action No. V-03-44-2.

40561 (5th Cir. May 24, 2005); *see* Dkt. No. 120. The Supreme Court denied a writ of certiorari on October 31, 2005. Petitioner filed the instant petition on February 24, 2006.

## Claims

Petitioner raises seven grounds for relief:

1. Defense counsel did not permit him to testify at trial;

2. The indictment was obtained by perjured testimony;

3. The government failed to turn over letters by a witness that would have disclosed a plan by that witness to perjure herself;

4. Ineffective assistance of counsel as Petitioner's attorney failed to investigate a letter sent to him by a government witness claiming that she had lied about Petitioner's involvement;

5. Petitioner was threatened with violence to get him to talk to the FBI;

6. Petitioner was sentenced under the mandatory sentencing guidelines; and

7. The prosecution failed to correct their witness's perjurious testimony.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Substantive claims raised and rejected on direct appeal are "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). Furthermore, claims not raised on direct appeal may not be raised for the first time on collateral review unless the petitioner demonstrates cause for the default and actual prejudice, or that he is actually innocent. *E.g. Bousley v. United States*, 523 U.S. 614, 622 (1998).

**Analysis**

Petitioner's first claim is that he was denied the right to testify. The Constitution guarantees criminal defendants the right to testify on their own behalf at trial. *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). The right is personal to the defendant and thus can be waived only by the defendant. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). A defendant can waive the right if such waiver is knowing and voluntary. *Id.*

At the beginning of the defense's case in chief, the Court admonished Petitioner of his rights both to testify and not testify, and the benefits and detriments of each course of action. Dkt. No. 99 at 833-37 (Trial Tr.). Petitioner indicated throughout that he understood what the Court was telling him and stated, at the end, that he would "leave it up to them . . . whether I testify or not," referring to his attorney. *Id.* at 837. The issue was never raised again. It is thus clear from the record that Petitioner knowingly and voluntarily waived his right to testify at trial.

To the extent that Petitioner claims his attorney prevented him from testifying, the claim is one of ineffective assistance of counsel. *See U.S. v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005) ("A defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland* . . . ."). Petitioner must thus show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner has not alleged anything regarding prejudice. He has only made a conclusory statement that the "out come [sic] would have been different," (Dkt. No. 136 at 2) failing to identify how he would have testified that would have changed the jury's determination of guilt.

Petitioner's fourth claim is also of ineffective assistance of counsel. He claims that Karen Stine, a witness for the prosecution, wrote a letter to Petitioner's attorney stating that she had lied about his involvement in the crimes. Petitioner claims that the attorney did not investigate the truth of this letter. Petitioner's counsel, however, made use of that letter at trial. In cross-examining Karen Stine, counsel attempted to undermine her credibility by showing the jury how her story had changed numerous times after she was arrested. Part of this attempt was introducing the letter she had written to counsel claiming that she had "perjured" herself to the FBI. Dkt. No. 97 (Trial Transcript), Att. 7 at 392. Furthermore, because Petitioner's counsel introduced the letter into evidence, the jury could have chosen to take it at face value and believe that Petitioner really was uninvolved in the crimes. Petitioner's counsel's performance in this regard was not objectively deficient.

Petitioner's third claim is that the government failed to timely provide letters from Karen Stine showing that she was planning to perjure herself at trial. As discussed above, Petitioner's counsel cross-examined Karen Stine about her claims that she had lied. This undermines Petitioner's claim that he was not permitted to adequately prepare for the trial.

Petitioner's second claim is that FBI agent Angel Martinez perjured himself before the grand jury to gain an indictment. The alleged perjury, which Petitioner claims was made evident by trial testimony, is that Agent Martinez claimed to the grand jury that a witness had identified Petitioner in a photo array, but the witness had actually made no such identification. The Court has reviewed

the entirety of Agent Martinez's trial testimony, including Petitioner's counsel's cross-examination of him on the photo array issue. There is no indication in this testimony that Agent Martinez represented any falsehoods to a grand jury about a witness identification. There is thus no ground for Petitioner's claim that Agent Martinez perjured himself.

Petitioner's fifth claim is that he was threatened with violence by Agent Martinez, resulting in cooperation that he would not have given otherwise. This issue was not raised at trial nor on direct appeal, and was thus procedurally defaulted. Petitioner gives no reason for having not raised this issue in his previous opportunities to do so, nor does he claim actual innocence. He has thus not overcome the procedural bar on his fifth claim.

Petitioner's sixth claim, that he was sentenced under the mandatory sentencing guidelines, relies on *United States v. Booker*, 543 U.S. 220 (2005). This claim was addressed and rejected by the Fifth Circuit on Petitioner's direct appeal. Also, "*Booker*'s holding is not retroactively applicable to cases on collateral review." *Padilla v. United States*, 416 F.3d 424, 427 (2005). This claim is without merit.

Petitioner's seventh claim is that the prosecution failed to correct Karen Stine's "perjurious" claim that she was not testifying so that she could get a lighter sentence. This claim has no factual basis. Karen Stine never testified that she did not have a deal with the prosecutors. Rather, she candidly stated on direct examination that the U.S. Attorney's Office had agreed to recommend a reduction in her sentence if she cooperated and testified. Dkt. No. 97 (Trial Tr.), Att. 4 at 250-51.

All of Petitioner's claims, then, are either procedurally defaulted or meritless.

## Miscellaneous Motions

Petitioner has filed a multitude of motions in this case, including a Motion to Expand and

Add Material to the Record (Dkt. No. 139); a Motion for Discovery and Production of Documents (Dkt. No. 142); a Motion for Court Order (Dkt. No. 144); and a Motion for Mental and Physical Examination (Dkt. No. 153).

Petitioner gives no indication of what material he desires to add to the record. This motion is thus DENIED.

Petitioner's motion for discovery simply lists a set of documents that he wants. Rule 6(b) of the Rules Governing Section 2255 Proceedings requires that a discovery request be accompanied by "reasons for the request." Because Petitioner has given no reasons, his motion for discovery is DENIED.

Petitioner's motion for a court order asks that the Court require the Clerk of the Court to send Petitioner copies of everything filed in his case. Petitioner does not make clear why he needs these copies. Further, papers filed by the government are served on Petitioner by mail, and Petitioner is responsible for keeping copies of any papers he files himself. Thus, the motion for a court order is DENIED.

Finally, Petitioner asks that the Court order that he be transferred to a medical unit for an examination to show that he is incapable of litigating this suit and thus needs an attorney appointed. The Court has, in an earlier order, already denied Petitioner's motion to appoint counsel. Thus, Petitioner's motion for an examination is DISMISSED as moot.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before he can appeal this Order dismissing his motion. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683,

685 (5th Cir. 1998). To make such a showing, Petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

## Conclusion

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is DENIED. A Certificate of Appealability shall not issue.

It is so ORDERED.

Signed this 13th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE