United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03-44(S)-2 |
| | § | |
| MIKEAL GLENN STINE, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant Mikeal Glenn Stine's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 228) and motions for appointment of counsel to assist with his motion for sentence reduction (D.E. 229, 230).

**I. BACKGROUND**

In 1999, Defendant was being held in county jail for a pending federal supervised release violation when he arranged to have bail posted for another inmate and then went through the release process as the other man. Presentence Investigation Report (PSR), D.E. 86-1, ¶ 61. When Defendant was located and arrested the following day, he became violent and threatened to kill the arresting officers. *Id.* He was convicted of escape from custody and sentenced to 40 months in the Bureau of Prisons, to be followed by 36 months' supervised release. *Id.* At the time of the offense, he was on supervision for a 1997 federal escape conviction for signing out from a community corrections center for a job search and never returning. *Id.* ¶ 60.

In 2003, while he was on supervision for both the 1997 and 1999 escapes, Defendant was indicted in the above-captioned case on two counts of bank robbery and one count of conspiracy to commit bank robbery. He was ultimately convicted of conspiracy to commit bank robbery and aiding and abetting bank robbery and sentenced to 262 months' imprisonment. Defendant was

1

sentenced as a career offender based upon the aforementioned escape convictions and a prior conviction for conspiracy to commit sexual assault. He was also sentenced to an additional 24 months' imprisonment for violating the terms of supervision in his escape cases, to run concurrently with his sentence for bank robbery.

In 2008, while serving his sentence in the current bank robbery case, Defendant sent two letters from prison threatening to assault and murder a United States Magistrate Judge and an Assistant United States Attorney, and he verbally repeated those threats to a Deputy United States Marshal. He was convicted on three counts of threatening a federal official and sentenced on November 20, 2015, to 90 months' imprisonment on each count, to be served concurrently with each other but consecutive to his sentence in this case. *United States v. Stine*, Case No. 1:13-CR-491-CMA (D. Colo.).

Defendant has served 210 months of his 262-month sentence in this case and has a projected release date, after also serving his sentence in No. 1:13-CR-491-CMA, of March 4, 2030. Citing 18 U.S.C. § 3582(c)(1)(A), he now moves the Court for compassionate release because: (1) he would not qualify as a career offender if sentenced today; (2) his age and underlying medical conditions (asthma, hypertension, and heart problems) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison; and (3) he has made significant efforts towards rehabilitation in the last 17 years. Defendant claims to have submitted at least four requests for compassionate release with the warden at USP Tucson since September 20, 2020, but says he never received a response.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

**(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
    (1) in any case—
        (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
            (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

    **(A) Medical Condition of the Defendant.—**

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,
            (II) suffering from a serious functional or cognitive impairment, or
            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant. –**

        The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
>
> > As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the

offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

#### A. Sentencing Disparity

Defendant first argues that, if he were sentenced today, he would not be considered a career offender because escape by walking away from a halfway house no longer qualifies as a "crime of violence" under the Guidelines. *See United States v. Jones*, 752 F.3d 1039, 1046 (5th Cir. 2014). "There [] is no merit to Defendant's claim that he meets the criteria for compassionate release simply because he would receive a lower sentence if sentenced today." *United States v. Valdez-Anguiano*, 2:87-CR-264-1, D.E. 275, p. 6 (S.D. Tex. Dec. 2, 2020)

5

(citing *United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *4 (S.D. Tex. Aug. 19, 2020) ("Neither the Sentencing Commission's policy statement nor the BOP's program statement provides for compassionate release based on reexamination of the severity of a defendant's original sentence.")). Moreover, Defendant still qualifies as a career offender based on his 1999 escape conviction and his 1982 conviction for conspiracy to commit sexual assault.

### B. COVID-19 Concerns

Defendant is 62 year old and claims to suffer from asthma, hypertension, and "heart problems." D.E. 228, p. 10. In his motion for compassionate release, filed November 11, 2020, he argues that "[i]t is highly unlikely that he would survive a [COVID-19] outbreak" in prison due to his underlying medical conditions, and it is only a matter of time until COVID-19 makes its way into USP Tucson. *Id.* In another filing, however, Defendant states that "on approximately 10-27-2020 [he] contracted COVID-19 and was placed in Deep Isolation Unit C2 Cell #127 where at this writing [he] remains." D.E. 230, p. 2. Movant has offered no medical records supporting a COVID-19 diagnosis, and there is nothing to indicate that he ever became severely ill or that he is still suffering any effects of the virus. He also has offered no evidence that he suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death[1] in the rare event that he were to contract COVID-19 a second time.[2]

---

1. According to the Centers for Disease Control and Prevention (CDC), older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pregnancy; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.

"The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

### C. Rehabilitation Efforts

Defendant also argues that his efforts at rehabilitation weigh in favor of compassionate release. He states that he has earned "a variety of certificates aimed at self-improvement" and, "[a]fter years of involvement, he risked his life by dropping out of the Aryan Brotherhood gang." D.E. 228, p. 12. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). As set forth *supra*, Defendant has failed to show that he otherwise qualifies for a sentence reduction.

### D. Sentencing Factors

Even if extraordinary and compelling circumstances did exist, the Court finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. As detailed in his PSR, Defendant has a documented criminal history dating back to 1978. In addition to the convictions for conspiracy to commit sexual assault, escape, and threatening to assault and murder federal officials discussed *supra*,

---

2. According to the CDC, "Cases of reinfection with COVID-19 have been reported, but remain rare." *Reinfection with COVID-19,* CDC (Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. One recent study showed that, eight months after infection, most people who have recovered from COVID-19 still have enough immune cells to fend off the virus and prevent illness. Jennifer M. Dan, *et al.*, *Immunological memory to SARS-CoV-2 assessed for greater than six months after infection*, BIORXIV (Nov. 16, 2020), https://www.biorxiv.org/content/10.1101/2020.11.15.383323v1 (Nov. 16, 2020).

7

Defendant has also been convicted of perjury (two convictions), selling marijuana, wire fraud, theft by check, forgery, grand theft, and contempt of court. "[A]ll of the defendant's convictions for crimes of violence have occurred while the defendant was in custody. The defendant continues to pose a danger to others, even while imprisoned." PSR ¶ 123. He also "has been found in possession of homemade weapons while in prison, and has made explicit threats to law enforcement officials and their families." *Id.* Defendant is a danger to public safety; reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

### E. Administrative Remedies

Finally, while Defendant claims to have submitted at least four requests for compassionate release with the warden at USP Tucson since September 20, 2020, he has offered no evidence in support of this claim. "Courts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to initially petition the BOP and, subsequently, fully exhaust their administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Gomez*, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (citing *United States v. Licciardello*, 2020 WL 1942787 (S.D. Tex. Apr. 22, 2020); *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020)). *See also, e.g.*, *United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020). ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying

motion for compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

Because Defendant has failed to demonstrate that he has complied with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it.

## IV. MOTIONS TO APPOINT COUNSEL

Finally, Defendant moves the Court to: (1) appoint counsel to assist with his motion for compassionate release; (2) order that the BOP allow him a 1-hour telephone call with his attorney within 72 hours; and (3) allow appointed counsel to file an amended motion for compassionate release if he/she so desires. Because Defendant's motion for compassionate release is denied, his motion for counsel is now moot.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 228) and motions for appointment of counsel (D.E. 229, 230) are **DENIED**.

It is so **ORDERED** this 14th day of December, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE