Case 6:03-cr-00044   Document 250   Filed on 04/22/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03-44(S)-2 |
| | § | |
| MIKEAL GLENN STINE, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Mikeal Glenn Stine's Motion to Reconsider Verified Motion for Compassionate Release and or a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 248.

**I. BACKGROUND**

In 1999, Defendant was being held in county jail for a pending federal supervised release violation when he arranged to have bail posted for another inmate and then went through the release process as the other man. Presentence Report (PSR), D.E. 86-1, ¶ 61. When Defendant was located and arrested the following day, he became violent and threatened to kill the arresting officers. *Id.* He was convicted of escape from custody and sentenced to 40 months in the Bureau of Prisons (BOP), to be followed by 36 months' supervised release. *Id.* At the time of the offense, he was on supervision for a 1997 federal escape conviction for signing out from a community corrections center for a job search and never returning. *Id.* ¶ 60.

In 2003, while he was on supervision for both the 1997 and 1999 escapes, Defendant was indicted in the above-captioned case on two counts of bank robbery and one count of conspiracy to commit bank robbery. He was ultimately convicted of conspiracy to commit bank robbery and aiding and abetting bank robbery and sentenced to 262 months' imprisonment. Defendant was

1

sentenced as a career offender based upon the aforementioned escape convictions and a prior conviction for conspiracy to commit sexual assault. He was also sentenced to an additional 24 months' imprisonment for violating the terms of supervision in his escape cases, to run concurrently with his sentence for bank robbery.

In 2008, while serving his sentence in the current bank robbery case, Defendant sent two letters from prison threatening to assault and murder a United States Magistrate Judge and an Assistant United States Attorney, and he verbally repeated those threats to a Deputy United States Marshal. He was convicted on three counts of threatening a federal official and sentenced on November 20, 2015, to 90 months' imprisonment on each count, to be served concurrently with each other but consecutive to his sentence in this case. *United States v. Stine*, Case No. 1:13-CR-491-CMA (D. Colo.). Defendant has a projected release date, after also serving his sentence in No. 1:13-CR-491-CMA, of June 18, 2030.

In 2020, Defendant moved the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because: (1) he would not qualify as a career offender if sentenced today; (2) his age and underlying medical conditions (asthma, hypertension, and heart problems) made him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison; and (3) he had made significant efforts towards rehabilitation in the last 17 years. D.E. 228, 232. The Court denied the motions on the grounds that: (1) Defendant still qualified as a career offender under current law; (2) he had not shown that extraordinary and compelling reasons warranted compassionate release; (3) he failed to demonstrate that he had complied with the exhaustion requirements under 18 U.S.C. § 3582(c); (4) he was a danger to public safety; and (5) reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide

just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. D.E. 233.

In 2022, Defendant again moved the Court for a sentence reduction because his prior "walk-away escape" convictions used to classify him a career offender are now considered non-violent offenses. D.E. 238, 239. The Court construed Defendant's filings as motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and denied relief because he had not obtained permission from the Fifth Circuit to file a successive Section 2255 motion. D.E. 240.

Earlier this year, Defendant filed a Verified Motion for Compassionate Release and or a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his: age, medical circumstances, changes in the law, conditions of confinement, post-sentencing rehabilitation, and family circumstances. D.E. 242. The Court denied the motion because Defendant failed to demonstrate that he had complied with the exhaustion requirements under 18 U.S.C. § 3582(c). D.E. 245. Defendant has now offered evidence that he submitted a written request for compassionate release to the warden on November 13, 2023, citing his age, years served, having denounced his association with the Aryan Brotherhood, serious medical problems, and sentencing changes. D.E. 249, pp. 2–3. His request was denied on November 13, 2023. *Id.* at 5.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy

3

statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant identifies several circumstances that he claims are extraordinary and compelling, most of which have been previously rejected by the Court. Since its previous order denying compassionate release was entered in December of 2020, the Sentencing Commission amended U.S.S.G. § 1B1.13(b) to identify what circumstances may be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(a). The Court will therefore reconsider Defendant's claims under the 2024 Guidelines Manual.

### A. Extraordinary and Compelling Reasons

#### 1. Age of the Defendant

Defendant first cites his age and years spent in custody. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist where: "The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). Defendant is 67 years old and has served approximately 22 years in prison in the current case; however, he fails to qualify for a sentence reduction because he has offered no evidence that he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2).

#### 2. Change in Law

Defendant next claims that his 1982 conviction for sale of marijuana in Maricopa County, Arizona, "was decriminalized and pardoned in approximately 2022." D.E. 242, p. 2. He further argues that, if he were sentenced today, he would not be considered a career offender because

5

escape by walking away from a halfway house no longer qualifies as a "crime of violence" under the Guidelines. *See United States v. Jones*, 752 F.3d 1039, 1046 (5th Cir. 2014).

A change in the law may justify compassionate release under certain circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Defendant has offered no evidence that his 1982 marijuana conviction "was decriminalized and pardoned." Moreover, as the Court previously explained, he still qualifies as a career offender without considering his 1997 escape conviction based on his 1999 escape conviction and his 1982 conviction for conspiracy to commit sexual assault. Because Defendant would receive the same sentence today, he fails to qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(6).

### 3. Conditions of Confinement

Defendant next claims that the BOP has forced him to spend "over 20 years in isolation since June 2003." D.E. 242, p. 2. According to Defendant, his enhancement punishment is greater than intended by the Court and amounts to cruel and unusual punishment.

The Sentencing Guidelines provide that extraordinary and compelling reasons may exist where:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> > (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

6

>> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
>> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. 1B1.13(b)(4).

Defendant appears to argue that his treatment in BOP custody rises to a level of abuse. However, he has offered no evidence that he was the victim of abuse while in custody or that his treatment qualifies as extraordinary and compelling as defined in U.S.S.G. § 1B1.13(b)(4). He has also offered no evidence that he has been in isolation since 2003. To the contrary, his lengthy inmate prison disciplinary history documents numerous infractions involving direct contact with other inmates over the past 22 years.

### 4. Family Circumstances

Defendant next claims that the BOP has kept him "thousands of miles away from all family," and, because of the distance, he "only got one visit in 2005 from [his] mother and sister." D.E. 242, p. 3. He states that "all have passed away" while he has been incarcerated, and the only family member he has left is his sister, who is "over 75 years of age and in very bad health." *Id.*

Under the Sentencing Guidelines, a defendant's family circumstances may be extraordinary due to the death or incapacitation of the caregiver of the defendant's: (A) minor child or disabled adult child, (B) spouse or registered partner, (C) parent, or (D) other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for the individual. U.S.S.G. § 1B1.13(b)(3).

Defendant provides no evidence or argument that any of these family circumstances apply to him. He has also failed to demonstrate that the distance or lack of visits from his family qualify as extraordinary and compelling as defined in U.S.S.G. § 1B1.13(b)(3).

### 5. Medical Circumstances

Defendant further claims that the BOP would not treat his "possible cancer" in 2022 because he was being held in the Special Housing Unit. D.E. 242, p. 4. He says he was diagnosed with cancer in mid-2024 and began treatment at FMC Butner in July 2024; however, doctors told him he would have had better chances if BOP had started his cancer treatment in 2022 and not allowed it to advance. According to Defendant, "Now it's not known if treatment will be successful or not." *Id.* He also cites high blood pressure, heart problems, and respiratory problems.

Relevant here, the Sentencing Guidelines provide that a defendant's medical circumstances may be extraordinary where:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1).

Defendant has not offered any medical records in support of his motion. As such, the Court finds he has failed to demonstrate that his medical circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1). Defendant has not shown that he is "suffering from a terminal illness" as described by section 1B1.13(b)(1)(A), nor has he demonstrated that his conditions "substantially diminish[ ]" his ability to "provide self-care within the environment of a correctional facility." *See id.* § 1B1.13(b)(1)(B). To the extent Defendant requires medical care, he appears to concede that FMC Butner is providing such care.

### 6. Post-Sentencing Rehabilitation

Finally, Defendant claims to have completed "a multitude of educational and rehabilitation programs since being incarcerated" and to have "completely left and dropped out of gang life and disassociated himself from any and all gang members." D.E. 242, pp. 3–4. He also claims to have "no violent write-ups in over 15 years and a couple out-of-bounds write ups and one for letting someone use his telephone to call home, when inmate's daughter was raped, this was a write-up for being human." *Id.*

Defendant has offered no evidence in support of his rehabilitative efforts. Moreover, his 75-page Inmate Discipline Data sheet—one of the longest the Court has ever seen—belies his claim regarding his lack of write-ups. Defendant has been disciplined numerous times for infractions that include: writing a letter to a U.S. Senator threatening to kill a staff member, writing a threatening letter to the Director of the BOP, threatening officers with bodily harm, bribing prison staff, phone abuse, being insolent to staff members, refusing work assignments, refusing to obey orders, possessing drugs and alcohol, possessing a weapon in his cell, and mail abuse.

Finally, while the Court may consider a defendant's rehabilitation in combination with other circumstances, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d)

9

("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). As set forth *supra*, Defendant has not shown that any other extraordinary and compelling reason exists that would warrant compassionate release.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

In its December 14, 2020, Memorandum Opinion & Order denying Defendant's first Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 228), the Court found that a sentence reduction would be inconsistent with 18 U.S.C. § 3553(a) because Defendant posed a danger to the safety of the community, reasoning:

> Even if extraordinary and compelling circumstances did exist, the Court finds that the § 3553(a) factors, as considered in the specific context of the facts of Defendant's case, do not warrant a reduction in his sentence. As detailed in his PSR, Defendant has a documented criminal history dating back to 1978. In addition to the convictions for conspiracy to commit sexual assault, escape, and threatening to assault and murder federal officials discussed *supra*, Defendant has also been convicted of perjury (two convictions), selling marijuana, wire fraud, theft by check, forgery, grand theft, and contempt of court. "[A]ll of the defendant's convictions for crimes of violence have occurred while the defendant was in custody. The defendant continues to pose a danger to others, even while imprisoned." PSR ¶ 123. He also "has been found in possession of homemade weapons while in prison, and has made explicit threats to law enforcement officials and their families." *Id.* Defendant is a danger to public safety; reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

D.E. 233, pp. 7–8.

The conduct detailed in the PSR occurred before sentencing. As described in Part III.A.6, *supra*, Defendant has been disciplined numerous times while serving his current sentence, including for violent and threatening behavior.

Based on Defendant's extensive criminal history, the nature and circumstances of the offense of conviction, post-sentencing conduct, and the danger to the community that would be posed by his early release, the Court finds that a sentence reduction would not be consistent with

10

the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. §§ 3142(g) and 3553(a). Accordingly, Defendant's Motion to Reconsider Verified Motion for Compassionate Release and or a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 248) is **DENIED**.

It is so **ORDERED** this 22nd day of April, 2025.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE